### GRENELL v. STILLWELL

(*Supreme Court, General Term, First Department.* April 17, 1891.)

INJUNCTION—EVIDENCE.

    In an action for an injunction to restrain the erection of a tenement, instead of a private residence, in violation of a contract, defendant denied that the house to be erected was intended to be a tenement, and positively testified that the same would be permanently occupied by herself and family as a private residence, and was designed for that purpose, her testimony being supported by affidavits of her architect and others. *Held*, that an order denying the injunction was properly made.

Appeal from special term, New York county.

Action by Increase M. Grenell against Sarah A. Stillwell to obtain an injunction restraining the defendant from the erection of a building charged to be a type of a tenement-house, in violation of an agreement among lot-owners of the vicinity to erect private residences only on their grounds. The plaintiff appeals from an order denying the injunction.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Geo. W. Carr*, for appellant. *Blair & Keeler*, for respondent.

DANIELS, J. The plaintiff, as the owner of real estate on the north side of Ninety-First street, applied for an injunction to restrain the erection of a building by the defendant on the south side of Ninety-Second street. The preceding owners of these, and other parcels of land in the vicinity, entered into and recorded an agreement, by which it was agreed "that whenever the said lots owned by them, or any of them, or any of the said lots, should be improved, that the first buildings to be erected on the said lots, or any of them, should be for private residences only." The defendant proposed to erect on her lot a building 28 feet in front and rear, and 78 feet and 2 inches in depth, of 4 stories in height, with a basement and cellar. The building was to be built with brick and stone. The plan of the building is stated to exhibit, in the second and third stories, "eight rooms each, with a long hall running through the center of said floors, and with two bath-rooms and water-closets on each of said floors; and the fourth or top story of said proposed building is arranged similarly to said second and third stories, except that there is but one bath-room and one water-closet on the floor; but there are four wash-basins and two additional rooms, two main front and rear rooms being divided each into three, making ten rooms on said floor." It has then been added that the first story is laid out similarly in the rear part thereof to the second and third stories, but in the front part there are two large rooms divided by sliding doors, with a hall on the east side of the building leading to an open reception room in the center of the floor opposite the stairs, making seven rooms in addition to one bath-room and one water-closet. The basement story is planned for seven rooms, besides a bath-room and water-closet. The building is affirmed to be "a type of a tenement-house," and charged to be in violation of the obligations created by the agreement. This has been attested by the plaintiff and two other persons making affidavits in her behalf. But it has been positively denied by the defendant, who swears that

the building is designed for a private residence, and that it is intended, and will be, permanently used and occupied by the defendant and her family as and for a private residence, and for no other purpose." This is in like manner confirmed by her mother, with whom the defendant resides, by her brother, and by the architect, and more than a dozen other persons whose affidavits are in the case. If it be assumed that the complaint presented a case for the injunction, it has been fully answered by the defendant's answer and these affidavits. They have left no ground on which an injunction could be either issued or sustained. The order should be affirmed, with $10 costs and the disbursements.